Robert TAYLOR and Timothy
Cotton, Plaintiffs,

v.

FLORIDA ATLANTIC UNIVERSITY,
Helen Popovich, Kenneth Michels, Dennis Nicewander, Don Gardner, Marilyn Floyd and Leonard Berry, Defendants.

No. 89–8046–CIV–Paine.

United States District Court,
S.D. Florida.

Oct. 4, 1990.

W. Trent Steele, James Green, for plaintiffs.

Stephen Rodford, Steven Stinson, Michael Petrucelli, Gary Isaacs, James O. Williams, for defendants.

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

PAINE, District Judge.

This matter is before the Court upon the Defendant's, Florida Atlantic University (FAU), Emergency Motion for Protective Order. A review of the Defendant's submissions on this matter, reveals that at no time has the Defendant attempted in good faith to resolve this matter with opposing counsel without the need for judicial intervention.

In this regard, the court is compelled to remind counsel for the moving party that Rule 10(I)(7) of the General Local Rules of this Court reads as follows:

CERTIFICATE OF COUNSEL. Prior to filing a motion to compel supra [General Local Rule 10(I)(6) ], or a motion for protective order pursuant to Rule 26(c), Fed counsel for the moving party shall confer with counsel for the opposing party and file with the Clerk at the time of filing the motion, a statement certifying that he has conferred with counsel for

the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have been unable to do so. If certain of the issues have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved.

■ It is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch *personally* to resolve discovery disputes and it should be a *rare* occasion when the court is called upon to resolve such disputes. It is toward this end that Local Rule 10(I)(7) requires that with any motion to compel or for protective order, there shall be a contemporaneous filing of a certificate of counsel stating that he or she has conferred with opposing counsel in a good faith effort to resolve the dispute and have been unable to do so.

Additionally, the scheduled deposition is to take place on Tuesday, October 9, 1990. The court is somewhat concerned that, after having two weeks notice of this deposition, counsel for FAU now petitions the court to schedule an *emergency* hearing of the issues involved herein. Surely counsel for the Defendant cannot argue that time restraints have prevented compliance with the above-stated Local Rule.

Finally, because counsel for FAU, the moving party has failed to file a Rule 10(I)(7) Certificate of Counsel, the court is tempted to deny said motion without further consideration. However, even upon further consideration, it is the opinion of this court that the Motion for Protective Order must be denied.

## ANALYSIS

The challenged production of documents in the present case are documents which were requested to be produced at a deposition *duces tecum.* Such a production necessarily involves the nexus between Fed.R. Civ.P. 30 (depositions upon oral examination) and Fed.R.Civ.P. 34 (production of Documents and Things etc.).

■ Pursuant to Fed.R.Civ.P. 30(b)(1), on September 19, 1990, the Plaintiffs filed a Notice of Taking Deposition Duces Tecum requesting that Ondina Felipe produce all notes, charts, records, correspondence, memoranda, etc. pertaining to Robert Taylor and Timothy Cotton.

After considering the fact that these requested items are documents *directly relating* to the named Plaintiffs in this case, the court concludes that an objection for lack of relevancy is without merit. Had such a relevancy objection constituted the *sole* basis of the instant motion, it would clearly be sanctionable under Rule 37. Accordingly, the Defendant's assertion that the instant duces tecum "fall outside of the scope of discovery delineated in [Fed.R. Civ.P.] 26(b)(1)" is frivolous and need not be addressed in any further detail by this court.

Despite the various grounds identified by the Defendant to support the instant Motion for Protective Order, the core of the Defendant's objection appears to be primarily the attorney-client privilege and work-product privilege.

### Production of Privilege List

■ To the extent that the Defendant only objects to the production of documents rather than the deposition itself, the court finds that the instant motion is governed by Fed.R.Civ.P. 34(b). Said rule states in pertinent part that "the request shall set forth the items to be inspected either by individual item *or by category,* and describe each item and category with reasonable particularity...." [emphasis added]. The court finds that the Plaintiff has followed this procedure by setting forth the categories of documents with as much reasonable particularity as can be expected at this stage of discovery.

■ Further, regarding the procedure to be followed by the party upon whom the request is served, said rule states:

The party upon whom the request is served shall serve a written response within 30 days after the service of the request ... The response shall state, with respect to each item or category,

that inspection and related activities will be permitted as requested, *unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.* Fed.R.Civ.P. 34(b) [emphasis added]. Thereafter, upon the filing of objections, the party originally requesting the items may move for a Motion Compelling Discovery pursuant to Fed.R.Civ.P. 37(a). A Motion for Protective Order, therefore, is premature in a case such as this where no privileged list has been furnished to the Plaintiff.

Specifically regarding the objections on the basis of an asserted privilege, the court finds that the Defendant FAU must supply a privilege list (along with any objections which may be asserted) in response to the request to produce. It has been held that the production of such a privilege list is a requirement when a party is asserting privilege as a bar to production. *See Kansas–Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.,* 109 F.R.D. 12 (D.Neb.1985). The privilege list must clearly identify the individually privileged documents, the privilege claimed, the date of the communication, the source of the information, the identity of the person to whom the communication was made, the nature and general content of the document, and the parties to whom each document was disseminated. It is only after such a list has been provided to the Plaintiffs and addressed by them that the court will be in a position to determine the possible merit of the Defendant's objections.

In conclusion, it is the opinion of this court that the Defendant FAU has prematurely filed the instant Motion for a Protective Order. First, the failure to confer with counsel is inexcusable in light of the Local Rule 10(I)(7) requirement. Second, the proper procedures for lodging a privilege objection to the production of documents have not been filed in violation of the dictates of Fed.R.Civ.P. 34.

In view of all of the foregoing, it is

ORDERED and ADJUDGED that the Defendant's, FAU, Motion for Protective Order and for Emergency Hearing thereof, is hereby DENIED.

DONE and ORDERED.