**The WILLIAMS ISLAND SYNAGOGUE, INC.,**
**Plaintiff,**

v.

**CITY OF AVENTURA, Defendant.**

**No. 04–20257.**

United States District Court,
S.D. Florida.

Aug. 3, 2004.

Lawrence R. Metsch, Metsch & Metsch, P.A., Miami, FL, for Plaintiff.

Harriet R. Lewis, Michelle L. Buckalew, Weiss Serota Helfman Pastoriza Guedes Cole & Boniske, P.A., Fort Lauderdale, FL, for Defendant.

## OMNIBUS ORDER

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion for Partial Summary Judgment, filed June 8, 2004; Defendant's Motion to Strike Affidavit of Rabbi Horowitz, filed July 6, 2004; and Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority in Support of Its Motion for Partial Summary Judgment, filed July 22, 2004.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

By way of brief background.[1] on November 12, 2003, the City of Aventura ("Defendant" or "the City") City Commission voted to deny Plaintiff Williams Island Synagogue's request for a conditional

---

1. The Court incorporates by reference the statement of facts contained in its May 6, 2004 Order Denying Defendant's Motion to Dismiss.

use permit which would have allowed Plaintiff to operate a synagogue in a 6,000 square foot space located on the first level of the parking garage located at 2600 Island Boulevard, to which the Court shall refer to as "the proposed location" throughout this order. Plaintiff claims that its current location at 2000 Island Boulevard has become inadequate due to the increasing size of Plaintiff's congregation and does not allow Plaintiff's congregation to worship in conformance with the tenets of Orthodox Judaism.

On February 3, 2004, Plaintiff filed the pending two-count complaint, seeking injunctive relief and damages against Defendant pursuant to both the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., and the Florida Religious Freedom Restoration Act of 1998 ("RFRA"), Fla. Stat. § 761. Plaintiff's first claim, to which the Court will refer as the "disparate treatment claim," alleges that § 31–143(f)(2a) of Defendant's municipal code, to the extent it requires conditional approval by the City Commission before religious organizations such as Plaintiff may locate

within certain zoning districts, violates §§ 2000cc(b)(1) and (b)(2) of RLUIPA,[2] because the groups which use the party room located in the condominium at 2600 Island Boulevard are comparable nonreligious assemblies which have been treated on more favorable terms than Plaintiff. Plaintiff's second claim, to which the Court will refer as the "substantial burden claim," argues that the City's decision to deny the conditional use application violates Plaintiff's rights under § 2000cc(a)(1).[3] Plaintiff's second count claims that Defendant's denial of Plaintiff's conditional use application violates Florida Statute § 761.03(1)[4] by imposing a substantial burden on Plaintiff's religious beliefs for the same reasons explained in its claim under RLUIPA.

On March 10, 2004, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff lacked standing to bring this action, that Plaintiff's complaint failed to state a claim for which relief could be granted and that RLUIPA and RFRA were unconstitutional to the extent that they operate to invalidate zoning regulations of general, nondis-

---

2. Section 2000cc(b) provides in pertinent part:

    **(1) Equal Terms**
    No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution.
    **(2) Nondiscrimination**
    No government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination.

3. Section 2000cc(a)(1) provides:

    No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the

government demonstrates that imposition of the burden on that person, assembly, or institution
    (A) is in furtherance of a compelling governmental interest; and
    (B) is the least restrictive means of further that compelling governmental interest

4. Section 761.03(1) provides:

    The government shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, except that government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person:
    (a) is in furtherance of a compelling governmental interest and
    (b) is the least restrictive means of furthering that compelling governmental interest

criminatory applicability. On May 6, 2004, the Court entered an order denying Defendant's motion to dismiss. The Court found first that Plaintiff has standing to maintain this action because the complaint alleges that the November 12, 2003 denial of the conditional use permit resulted in a redressible violation of Plaintiff's rights under RLUIPA. The Court then concluded that Plaintiff's substantial burden claim stated a cognizable claim after finding persuasive authority for the proposition that the denial of a zoning variance may force religious institutions, as a result of increased membership and under certain circumstances, to forego their religious precepts in violation of RLUIPA. *Accord Castle Hills First Baptist Church v. City of Castle Hills,* 2004 WL 546792 (W.D.Tex. Mar.17, 2004); *Westchester Day School v. Village of Mamaroneck,* 280 F.Supp.2d 230, 241–42 (S.D.N.Y.2003). The Court then concluded that Plaintiff's disparate treatment claim survived Defendant's Rule 12(b)(6) motion because Plaintiff stated a cognizable claim that it was required to submit to a certification process which did not apply to comparable private organizations, such as the 2600 Island Boulevard Condominium Association. Finally, the Court rejected Defendant's challenges to RLUIPA and RFRA based on the Eleventh Circuit's holding in *Midrash Sephardi, Inc. v. Town of Surfside,* 366 F.3d 1214, 1243 (11th Cir. 2004), that RLUIPA does not exceed Congress's authority under § 5 of the Fourteenth Amendment, does not violate the Establishment Clause of the First Amendment and does not abridge state sovereignty in violation of the Tenth Amendment.

On June 8, 2004, Plaintiff filed the pending motion for partial summary judgment, which argues (1) that Defendant's denial of Plaintiff's conditional use permit application has imposed a "substantial burden" on Plaintiff's exercise of its religious beliefs, as that term is used in 42 U.S.C. § 2000cc(a)(1); (2) that Defendant has treated Plaintiff and non-party the 2600 Island Boulevard Condominium Association on less than equal terms in violation of § 2000cc(b)(1); and (3) that RLUIPA and RFRA are constitutional.[5] Plaintiff's evidentiary submissions in support of this motion for partial summary judgment consist entirely of copies of its complaint. Defendant's answer and affirmative defenses, the Eleventh Circuit's decision in *Midrash Sephardi,* the Court's order denying Defendant's motion to dismiss and the affidavits of Julius Trump, Plaintiff's Director, and Rabbi Jonathan Horowitz, Plaintiff's Rabbi.

On July 6, 2004, Defendant filed a motion to strike the affidavit of Rabbi Horowitz pursuant to Federal Rule of Civil Procedure 56(e), which requires that affidavits filed in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein."

On July 20, 2004, Plaintiff filed a notice of supplemental authority in support of its motion for partial summary judgment, to which was attached a copy of Resolution No.2004–37 enacted on July 6, 2004 by the City Commission. On July 22, 2004, Defendant filed a motion to strike this notice

---

5. In each case, Plaintiff's "arguments" consist entirely of a verbatim reproduction of the pertinent section of the Court's order denying Defendant's motion to dismiss, a verbatim reproduction of language from an affidavit filed by Plaintiff in support of the motion for partial summary judgment and the assertion that this affidavit evidence somehow requires Defendant to respond with evidence demonstrating the existence of genuine issues of material fact.

of supplemental authority pursuant to Rule 7.1.C of the Local Rules of the United States District Court for the Southern District of Florida.

Plaintiff's motion for partial summary judgment and Defendant's motions to strike are ripe for adjudication,[6] and the Court will consider these motions in turn.

## I. Defendant's Motion to Strike Affidavit of Rabbi Horowitz

Rabbi Horowitz's affidavit states that he graduated from the Yeshiva Chaim Berlin in Brooklyn, New York, was ordained as an Orthodox Rabbi in 1984 by Rabbi S. Goldman of Yeshiva Beth Aaron in Brooklyn, New York, and became Plaintiff's Rabbi in July 2000. Paragraphs nine, ten and eleven of the affidavit refer to the treatises *Laws of Prayer, Irgot Moshe* and *Code of Jewish Law,* respectively, for the propositions that Jewish Law requires that the sanctuaries of synagogues located in North America must face toward the east, prohibits women from entering a synagogue's sanctuary through the men's prayer area and prohibits eating or drinking within the synagogue. Defendant argues that these portions of the affidavit must be stricken as inadmissible hearsay pursuant to the Federal Rules of Evidence.

The general rule in this circuit is that "inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir.1999) (citation omitted). *See also*

American Securit Co. v. Hamilton Glass Co., 254 F.2d 889, 893 (7th Cir.1958) ("Inasmuch as summary judgment procedure lacks the safeguard of cross-examination of an affidavit, it is important that it be shown that he is competent to testify to the matters therein stated and that the facts to which he swears are admissible under the rules of evidence."); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 505 F.Supp. 1125, 1139 (E.D.Pa.1980) ("In determining admissibility under Rule 56, the same standards apply as at trial. Thus, in ruling upon summary judgment motions, courts refuse to consider hearsay, unauthenticated documents, inadmissible expert testimony, documents without a proper foundation, parol evidence, and even evidence barred by the dead man's rule." (citations omitted)).

In this case, these paragraphs of Rabbi Horowitz's affidavit are most accurately described as his representation of the requirements of Jewish Law as set forth in learned treatises which have not themselves been introduced into evidence. Defendant relies on *Joiner v. General Electric,* 864 F.Supp. 1310, 1317 (N.D.Ga. 1994), for the proposition that learned treatises are inadmissible as hearsay on summary judgment where no expert witness testimony supports the proposition asserted by way of the treatise. While this is a correct statement of Rule 803(18) of the Federal Rules of Evidence,[7] Plaintiff, unlike the movant in *Joiner,* is not

---

**6.** Although no response or reply has been filed in connection with Defendant's motion to strike Plaintiff's notice of supplemental authority, this motion is insufficient on its face for failure to comply with Rule 7.1.A.3(a) of the Local Rules of the United States District Court for the Southern District of Florida and shall be denied accordingly.

**7.** Rule 803(18) provides:
>  To the extent called to the attention of an expert witness upon cross-examination or

relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits.

attempting to introduce the treatises themselves. *Cf. Joiner*, 864 F.Supp. at 1317 & n. 13 ("In support of this position, Plaintiffs offer a number of citations to learned treatises."). Rather, Rabbi Horowitz is relying on the information contained in these treatises in arriving at his own conclusions regarding the requirements of Orthodox Judaism. Although Defendant points out that Rabbi Horowitz has not been certified by the Court as an expert on Jewish law, Defendant does not dispute his credentials or otherwise explain why Rabbi Horowitz should not be considered an expert on this subject within the meaning of Rule 702 of the Federal Rules of Evidence.[8] Based on the statement of Rabbi Horowitz's credentials contained in his affidavit and other cases in which rabbis have testified as expert witnesses on Jewish Law as it applies to the tenets of Orthodox Judaism, *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 162 (3d Cir.2002); *Beerheide v. Suthers*, 286 F.3d 1179, 1183 (10th Cir.2002), the Court concludes that Rabbi Horowitz may be qualified to testify as an expert on the subject of Jewish Law and his reliance on the above learned treatises may conform with the requirements of the Federal Rules of Evidence. Although offered for the truth of their description of Jewish Law, Rabbi Horowitz's statements are not hearsay statements concerning the content of certain treatises. His testimony is properly characterized as that of a possible expert on the subject of Jewish Law and may be admissible pursuant to Rule 702. As this testimony "could be reduced to admissible evidence at trial," it may be

properly considered in resolving Plaintiff's summary judgment motion and Defendant's motion to strike shall be denied. *Macuba*, 193 F.3d at 1323 (citing *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999)).

Parenthetically, the Court notes that it has not been helped in this regard by Plaintiff. Plaintiff's response in opposition to Defendant's motion to strike consists of a meritless argument that the disputed paragraphs contained in the affidavit are somehow admissible by analogy to Federal Rule of Civil Procedure 44, which governs the determination of questions of foreign law. Plaintiff's failure to explain more fully Rabbi Horowitz's education and experience in the area of Jewish Law prevents the Court from reaching a determination regarding his expertise.

Furthermore, while Plaintiff's motion for partial summary judgment shall be denied for reasons explained below, the Court also takes this opportunity to explain that, while these statements by Rabbi Horowitz and those of other experts may be admissible, expert testimony provided by one party or another on the requirements of Jewish Law shall not be accepted uncritically as an accurate assessment of the requirements of Orthodox Judaism. Under comparable circumstances, for example, the Third Circuit Court of Appeals weighed the conflicting testimony of experts on Jewish Law in order to determine whether certain religiously significant items, or lechis, attached to utility poles on municipal property would be understood within the Orthodox Jewish community as creating a ceremonial demarcation area, or eruv. *Te-*

---

8. Rule 702 provides:

   If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*nafly Eruv*, 309 F.3d at 161–62. In any future proceedings in this case, to the extent that one party is able to demonstrate that the opposing party's characterization of Jewish law is, for example, contrary to the terms of the treatises on the opposing party relies or is otherwise unreliable, the Court shall weigh, discount or disregard such evidence as may be appropriate.

## II. *Plaintiff's motion for partial summary judgment*

In *Celotex*, upon which Plaintiff relies exclusively in its motion for partial summary judgment, the United States Supreme Court explained, with emphasis added, that "the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery and upon motion*, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The discovery deadline in this cause is set for November 19, 2004 and the need for additional discovery, and the insufficiency of Plaintiff's legal arguments and evidentiary submissions, becomes apparent after a consideration of the legal questions underlying Plaintiff's complaint and the evidence currently in the record. Plaintiff has simply misconstrued the proper standard for summary judgment, the Eleventh Circuit's holding in *Midrash* and this Court's legal conclusions in its order denying Defendant's motion to dismiss.

### A. *Plaintiff's substantial burden claim*

Section 2000cc(a)(1) of Title 42 of the United States Code prohibits land use regulations which impose substantial burdens on a religious institution's exercise of its beliefs unless such regulations are the least restrictive means of furthering a compelling government interest. The first question to be answered in applying the statute is whether the disputed land use regulation imposes a substantial burden on a religious institution. Plaintiff's motion asks the Court to find as a matter of law that Defendant's denial of a conditional use permit has imposed a substantial burden on Plaintiff's exercise of its religious beliefs.

Rabbi Horowitz has testified that Plaintiff's current location does not face toward the East as required by Jewish Law, requires that women enter through the men's prayer area in violation of the tenets of Orthodox Judaism and that preparations for the communal meal which follows prayer services must begin while congregants are praying in violation of Jewish Law. Plaintiff claims that, given the congregation's size, relocation to the property located at 2600 Island Boulevard will allow Plaintiff to correct these problems.

In *Midrash Sephardi*, the Eleventh Circuit explained that a substantial burden, as that term is used in RLUIPA, consists of a "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly. Thus a substantial burden can result from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct." *Midrash Sephardi*, 366 F.3d at 1227–28. Rabbi Horowitz has testified that Plaintiff's congregation can no longer worship in its current location in conformance with its religious beliefs. Defendant, however, has introduced into evidence the affidavit of Nathan Katz, Ph.D., who has testified that Plaintiff's congregation may worship in its current location and conform fully with the requirements of Orthodox Judaism. Notice of Filing Affidavit of Nathan Katz, Ph.D. at 2–3. This irreconcilable testimony creates a genuine factual dispute re-

garding the burden imposed by Plaintiff's continued operation in its present location. The Court therefore shall deny Plaintiff's motion for partial summary judgment on its substantial burden claim, and need not address the evidence Defendant has filed in support of its argument that the denial of the conditional use permit was supported by a compelling municipal interest.

■ Moreover, Plaintiff's motion suggests that it has misapprehended its rights under RLUIPA. Plaintiff's logic in its motion for partial summary judgment proceeds as follows—Plaintiff's current location has become inadequate, the proposed location is larger and will alleviate these problems, therefore RLUIPA requires that Defendant allow Plaintiff to relocate absent a compelling governmental interest to the contrary. Applying the statute, however, the Court is not concerned simply with the inadequacy of Plaintiff's current location or the adequacy of the proposed location. Instead, the Court is required to determine whether Defendant's application of its Land Use Regulations has imposed pressure so significant as to require Plaintiff's congregation to forego their religious beliefs. As *Midrash Sephardi* demonstrates, this analysis requires a consideration of all options available to Plaintiff and those conditions precedent which Defendant may reasonably impose on Plaintiff's conditional use permit application.

Furthermore, the Eleventh Circuit in *Midrash Sephardi* rejected plaintiffs' arguments that, absent a variance, they would be unable to find facilities suitable to accommodate their congregation in the permitted district as a substantial burden within the meaning of RLUIPA. *Midrash Sephardi*, 366 F.3d 1at 227 n. 11. In holding "[t]hat the congregations may be unable to find suitable alternative space does not create a substantial burden within the meaning of RLUIPA," the Eleventh Circuit explained that "'whatever specific difficulties [the plaintiff church] claims to have encountered, they are the same ones that face all [land users], not merely churches. The harsh reality of the marketplace sometimes dictates that certain facilities are not available to those who desire them.'" *Id.* (quoting *Love Church v. City of Evanston*, 896 F.2d 1082, 1086 (7th Cir.1990)). Therefore, to the extent that Plaintiff appears to argue that the increasing size of its congregation somehow entitles it to relocate to a place of its choosing under RLUIPA unless Defendant can establish the existence of a compelling municipal interest, this interpretation of RLUIPA has been squarely rejected by the Eleventh Circuit.

### B. *Plaintiff's disparate treatment claim*

Plaintiff's motion is unpersuasive and incoherent on this issue. In its order denying Defendant's motion to dismiss, the Court explained clearly that the relevant considerations as to Plaintiff's disparate treatment claim are the procedural differences between what is required of Plaintiff and what is required of those private organizations occupying a space under comparable circumstances within the same zoning district. On this question. Plaintiff's motion consists entirely of affidavit testimony which provides in pertinent part:

11. The Property, which forms the subject-matter of this civil action, is located on the ground floor of an existing parking garage, which structure is adjacent to the condominium building known as 2600 Island Boulevard. Located approximately 1,000 feet from the lobby of the 2600 Building, the Property consists of 6,000 square feet which is accessible not from the lobby of the 2600 Building, but solely from a 20–foot wide service

driveway. That service driveway is routinely used by Williams Island residents as a walking and jogging path, and accommodates deliveries and other services for the 2600 building.

12. The 2600 Building, in addition to residential units, includes a "party room" that is utilized by residents for such functions as holiday gatherings, birthdays and religious occasions. The average attendance at such functions is between 80 and 100 people, inclusive of guests who do not reside on Williams Island.

Affidavit of Julius Trump, at 3. Based only on this description of the party room located within the 2600 Building, Plaintiff asserts that "it is now incumbent upon the City ... to demonstrate that its denial of a conditional use permit to the Synagogue did not constitute a form of land use regulation which treated the Synagogue on less than equal terms with a 'nonreligious assembly or institution' (i.e., the 'party room' which is operated in the 2600 Building of the Williams Island condominium development)." Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law, 10. The Court is left to wonder what meaningful conclusion, if any, it is meant to draw from Plaintiff's evidentiary submission. Notwithstanding the Court's instruction in its earlier order, Plaintiff continues to compare the physical characteristics of the party room and those of the proposed location and provides no information whatsoever regarding the land-use regulations which govern the party room as compared to those which govern Plaintiff's operation in the proposed location. As a result of Plaintiff's complete failure to address this question in its motion or reply, the Court concludes that summary judgment against Defendant is unwarranted.

■ Furthermore, Defendant has introduced undisputed evidence that the party room is characterized as an accessory use for the 2600 Island Boulevard Building under the Land Use Regulations adopted by Defendant in 1999, while Plaintiff's proposed operation of a synagogue in the garage location would not qualify as an accessory use under those same regulations. Affidavit of JoAnne Carr, at 5. Plaintiff responds in conclusory fashion that the fact that the residents of the 2600 Island Boulevard Building were able to use the party room for religious purposes without applying for a conditional use permit somehow violates Plaintiff's right to equal treatment under RLUIPA. Plaintiff simply does not address Defendant's potentially dispositive argument that the residents' use of the party room and Plaintiff's proposed use of the garage location trigger different zoning requirements under Defendant's Land Use Regulations and therefore can not serve as comparators under RLUIPA.

C. *The constitutionality of RLUIPA and RFRA*

The Court has already concluded that RLUIPA and RFRA conform with the requirements of the § 5 of the Fourteenth Amendment, the Establishment Clause of the First Amendment and the Tenth Amendment in its order denying Defendant's motion to dismiss. Plaintiff has not demonstrated the need for an unnecessary and duplicative summary judgment order on this question, and Plaintiff's motion shall be denied.

**III. Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority in Support *of Its Motion for Partial Summary Judgment***

Defendant's motion does not certify that the parties have conferred regarding this motion as is required by Rule 7.1.A.3(a) of

the Local Rules of the United States District Court for the Southern District of Florida and shall be denied accordingly.

For the reasons discussed above, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Strike Affidavit of Rabbi Horowitz is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority in Support of Its Motion for Partial Summary Judgment is DENIED.