**SIERRA EQUITY GROUP, Plaintiff,**

v.

**WHITE OAK EQUITY PARTNERS, LLC., Ross Stratham, et al., Defendants.**

**Case No. 08–80017–CIV.**

United States District Court, S.D. Florida.

Dec. 10, 2009.

Geoffrey Michael Cahen, Stephen A. Mendelsohn, Greenberg Traurig et al., Boca Raton, FL, Steven Alan Lessne, Gray Robinson, Ft. Lauderdale, FL, for Plaintiff.

Kelly Anne Luther, Maria Helena Ruiz, Kasowitz, Benson, Torres & Friedman, LLP, Miami, FL, Mark Ressler, Michael P. Bowen, Kasowitz Benson Torres & Friedman, New York, NY, for Defendants.

### *ORDER*

LINNEA R. JOHNSON, United States Magistrate Judge.

**THIS CAUSE** is before the Court on the pleading filed by *pro se* Defendant Ross Stratham entitled "Response to Sub-

poena to Citizens Bank of Forsyth County for Release of Personal Bank Records" (D.E. # 91), which is viewed by this Court as a Motion for Protective Order. Having reviewed the pleadings filed incident to this matter and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that said motion is **DENIED.**

■ As a preliminary matter the Court notes that apart from entitling the pleading incorrectly, Defendant has failed to comply with three important Local Rules of this Court, namely, he failed to file a memorandum of law in support of his motion pursuant to Local Rule 7.A, failed to state his objections with particularity in accordance with Local Rule 26.1 H, and failed to confer with opposing counsel in a good faith effort to resolve the matter without court intervention, in accordance with Local Rule 7.1A3. If a party fails to confer pursuant to LR 7.1A3, the Court may deny the motion and impose appropriate sanctions, including reasonable attorney's fees. *Id.; see also Williams v. Ocean Title Co.*, No. 07–80252, 2007 WL 1805792, at *1, 2007 U.S. Dist. LEXIS 48175, at *3 (S.D.Fla.2007)(explaining failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction," including reasonable attorney's fees); *Williams Island Synagogue, Inc. v. City of Aventura*, 329 F.Supp.2d 1319, 1327–1328 (S.D.Fla.2004)(denying defendant's motion where defendant failed to confer prior to filing its motion). This rule was intended to encourage parties to cooperate on discovery matters and resolve potential disputes without unnecessarily involving the court. *See Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D.Fla.1990)(explaining "[i]t is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch *personally* to resolve discovery disputes and it should be a *rare* occasion when the court is called upon to resolve such disputes.")(emphasis in original); *H2Ocean, Inc. v. Schmitt*, No. 05–387, 2006 WL 3837411, 2006 U.S. Dist. LEXIS 92783 (N.D.Fla.2006)(denying plaintiff's motion when plaintiffs "needlessly involved" the court and did not wait even one day for defendant to respond to their demand).

■ Notwithstanding the fact Defendant's failure to comply with the above-stated Local Rules provides the Court sufficient grounds to deny the Motion without analysis, the undersigned has elected to review the substantive bases of the Motion and rule on the merits. This is an action by Plaintiff Investors against Stratham and others for breach of contract, fraud and conversion arising from Defendants' alleged misuse and fraudulent diversion of funds. According to Plaintiffs, the subscription agreement which governed the underlying transaction provided that as a condition for Plaintiffs giving the subject funds to White Oak, the funds could only be used by White Oak for specific purposes related to the purchase of certain securities and eventual merger. In discovery Plaintiffs obtained Defendant White Oak's bank account records which they say reveal significant payments from White Oak to Defendant Stratham. The Court agrees with Plaintiffs, that under the circumstances presented, the bank account records sought are highly relevant to this action and reasonably calculated to lead to the discovery of admissible evidence in that such records may shed light on how the funds given White Oak were used and whether they were used for purposes consistent with the terms of the subscription agreement. A Protective Order issued pursuant to Fed.R.Civ.P. 26(c) is based on

the standard of "good cause," which calls for a "sound basis or legitimate need" to limit discovery of the subject information. *In re Alexander Grant & Co. Litigation,* 820 F.2d 352, 356 (11th Cir.1987). The burden is on the party seeking the protective order to demonstrate good cause for its issuance. *See Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002); *In re "Agent Orange" Product Liability Litigation,* 821 F.2d 139, 145 (2d Cir.1987); *19th Street Baptist Church v. St. Peters Episcopal Church,* 190 F.R.D. 345, 348 (E.D.Penn.2000).

■ The Court finds that Defendant has failed to satisfy his burden of showing good cause exists to protect his bank records from disclosure. Defendant's contention that disclosure of his bank records would violate the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., and the Gramm–Leach–Bliley Act, Pub L. No. 106–102, 113 Stat. 1338, is rejected. As Plaintiffs correctly observe, both acts cited by Defendant expressly permit the discovery of financial records so long as certain prerequisites, such as the obtaining of a subpoena, are met. *See* 12 U.S.C. §§ 3402, 3401(3); 15 U.S.C. § 6802(e)(8). Inasmuch as Plaintiffs have served Defendant with a properly executed subpoena in accordance with these Acts, there is no basis to quash the subpoena or to otherwise enter a protective order.

Nonetheless, mindful of Defendant's privacy concerns, the Court orders the information disclosed as a result of the subpoena be subject to a confidentiality agreement which shall limit disclosure of the documents to the parties in the case, their agents and attorneys, and only for purposes of the case. Said confidentiality agreement shall be prepared by counsel for Plaintiffs and executed by Plaintiffs and Plaintiffs' attorneys and then forwarded to Defendant for his signature within five days from the date hereof.