

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00330-CV

_____

TARRANT COUNTY, TEXAS, Appellant

V.

JEFFREY D. LERNER, Appellee

_____

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-307634-19

_____

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Tarrant County, Texas (the County), contends in this accelerated interlocutory appeal that the specific waiver of immunity from suit for injunctive relief provided in the County Purchasing Act (CPA) does not extend to provide subject-matter jurisdiction over appellee Jeffrey D. Lerner's claim under the Uniform Declaratory Judgments Act (UDJA) based on the County's alleged violations of the CPA. Because the narrow waiver of immunity in the CPA applies only to claims for injunctive relief and not to UDJA claims, the trial court erred by denying the County's plea to the jurisdiction based on the County's immunity from suit.

## I. BACKGROUND

Since 1983, the County has had a contractual relationship with Dispute Resolution Services of North Texas (DRS) to manage the County's alternative-dispute-resolution services for "citizen disputes." Although the contract was renewed annually, sometimes retroactively, Tarrant County did not seek competitive bids for the management contract, valued at over $400,000 per year.

For the County's 2018 fiscal year—October 1, 2017, to September 30, 2018—the management contract was to expire on September 30, 2018. On August 15, 2018, appellee Jeffrey Lerner contacted the County and asked for the opportunity to bid for the management contract for fiscal year 2019. The County informed Lerner on August 31, 2018, that it intended to renew the contract with DRS. On December 27, 2018, the County's commissioners court, as part of its consent agenda, approved the

management contract with DRS for fiscal year 2019—October 1, 2018, to September 30, 2019.[1]

Four months later, Lerner filed suit against Tarrant County for violating the CPA based on the County's failure to comply with the CPA's competitive-bidding requirements. *See* Tex. Loc. Gov't Code Ann. § 262.023. Lerner pleaded for a declaration under the UDJA that the fiscal year 2019 management contract between the County and DRS was void based on the CPA violation, for a temporary and permanent injunction barring further performance under the noncompliant management contract under the CPA, and for attorney's fees under the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.003(a), .004, .009; Tex. Loc. Gov't Code Ann. § 262.033.

Tarrant County filed a plea to the jurisdiction, arguing that it had governmental immunity from Lerner's claims for declaratory relief and for attorney's fees under the UDJA, which had not been waived by either the UDJA or the CPA. Tarrant County conceded that its immunity was waived for purposes of Lerner's request for injunctive relief under the express terms of the CPA. *See* Tex. Loc. Gov't Code Ann. § 262.033.

---

[1] The record suggests that on June 4, 2019, the commissioners court granted permission for the County to take bids from dispute-resolution providers for the fiscal year 2020 management contract. At oral argument, counsel for the County represented that the County has publicly posted a request for proposals. *See* Tex. Loc. Gov't Code Ann. § 262.0295.

On August 22, 2019, the trial court held a nonevidentiary hearing on Lerner's temporary-injunction request and Tarrant County's plea to the jurisdiction and orally denied both.[2] The trial court signed a nonspecific order to that effect on September 12, 2019—before the expiration of the management contract for fiscal year 2019. Tarrant County appeals the denial of its plea; Lerner does not appeal the denial of a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4), (8).

## II. JURISDICTION

When a political subdivision of the State is immune from suit, a court lacks subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Governmental immunity will bar UDJA actions against the State and its political subdivisions absent a clear legislative waiver. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011) (per curiam). Although the UDJA contains a limited and inapplicable waiver of immunity for challenges to the validity of an ordinance or statute, *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b); *Sefzik*, 355 S.W.3d at 621, the UDJA is "not a general waiver of sovereign immunity." *Tex. Parks & Wildlife*

---

[2]The trial court based its ruling on the fact that once the contract expired, Lerner's claims would be moot on September 30, 2019: "I'll deny your motion to dismiss for lack of jurisdiction, because I don't think it matters anyway. You're never going to try this thing. It's going away. So if you want to appeal it, appeal it." The record indicates that the trial court denied the temporary injunction because Lerner had failed to show the requisite harm. In our de novo review, these statements are not binding. *See Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 352–53 (Tex. App.—Fort Worth 2018, pet. denied) (op. on reh'g).

4

*Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011); *see also Town of Shady Shores v. Swanson*, No. 18-0413, 2019 WL 6794327, at *6 (Tex. Dec. 13, 2019). Thus, governmental immunity "will bar an otherwise proper [U]DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity." *Sawyer Tr.*, 354 S.W.3d at 388.

The County argues that the trial court erred by denying the jurisdictional plea because it was entitled to immunity from Lerner's UDJA claim and attendant claim for attorney's fees,[3] which deprived the trial court of subject-matter jurisdiction over those claims. We review the trial court's denial de novo as a question of law. *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016); *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). In this review, we construe the pleadings liberally, taking all factual assertions as true and looking to Lerner's intent. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149–50 (Tex. 2012). Lerner bore the burden of alleging facts affirmatively demonstrating that the trial court had subject-matter jurisdiction over his UDJA-based claims—facts constituting a claim for which the County's governmental immunity from suit had been waived. *See Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 110 (Tex. 2014); *Heckman*, 369 S.W.3d at 149–50; *Schmitz*, 550 S.W.3d at 351.

---

[3]We will refer to Lerner's claim for declaratory relief and request for attorney's fees authorized under the UDJA as the "UDJA-based claims."

5

Lerner contends that the CPA waives the County's immunity for purposes of his UDJA-based claims as well as for his claim for injunctive relief. It is solely within the province of the Legislature to consent to a suit against a governmental entity. *See Ben Bolt-Palito Blanco Consol. ISD v. Tex. Political Prop./Cas. Jt. Self-Ins. Fund*, 212 S.W.3d 320, 326 (Tex. 2006); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). Such a waiver is effectuated only through clear and unambiguous language. Tex. Gov't Code Ann. § 311.034; *Swanson*, 2019 WL 6794327, at *7; *Tooke v. City of Mexia*, 197 S.W.3d 325, 328–29 (Tex. 2006).

The immunity waiver contained in the CPA is specific and narrowly drawn: "Any property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of [the CPA]." Tex. Loc. Gov't Code Ann. § 262.033. Clearly, the Legislature intended to waive immunity for injunctive-relief claims arising from CPA violations, but that is the only waiver in the CPA. The unambiguous language of this statutory waiver does not include requests for attorney's fees or for declaratory relief. *See City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 171–72 (Tex. App.—Austin 2017, pet. denied) (holding specific immunity waiver for injunctive relief in Municipality Purchasing Act did not waive city's immunity from UDJA claims), *discussed with approval in Swanson*, 2019 WL 6794327, at *7–8.

Accordingly, we cannot conclude that the specific waiver in the CPA applicable only to claims for injunctive relief also waives immunity as to Lerner's UDJA-based

6

claims. To do so would be to ignore or impermissibly expand the express and unambiguous language chosen by the Legislature in the CPA. *See, e.g.*, *Swanson*, 2019 WL 6794327, at *7 ("[W]hile the Legislature has expressly authorized a suit for declaratory judgment against the government in other statutes, it has not done so in the Open Meetings Act[;] [t]hus, the Open Meetings Act's clear and unambiguous waiver of immunity does not extend to suits for declaratory relief."); *Zachry Constr.*, 449 S.W.3d at 108–10 (holding in case involving Local Government Contract Claims Act's provision of authorized recoverable damages operates to "define the scope" of immunity waiver); *Carowest Land*, 549 S.W.3d at 172–73 (concluding language in Municipality Purchasing Act "set the boundaries" of its waiver of immunity as the express relief provided and did not extend waiver to include UDJA relief). The cases and the attorney general opinion cited by Lerner[4] in support of his argument that immunity is waived for his UDJA-based claims are not controlling: The cited authorities were decided before the supreme court unequivocally repudiated the notion that the UDJA is a general waiver of immunity[5] and did not specifically examine whether the CPA waives immunity for declaratory relief. *See Swanson*, 2019 WL 6794327, at *7–8.

---

[4]*Labrado v. Cty. of El Paso*, 132 S.W.3d 581, 593 (Tex. App.—El Paso 2004, no pet.); *Securtec, Inc. v. Cty. of Gregg*, 106 S.W.3d 803, 816 (Tex. App.—Texarkana 2003, no pet.); Tex. Att'y Gen Op. No. GA-0247 (2004).

[5]*See, e.g.*, *Sefzik*, 355 S.W.3d at 621; *Sawyer Tr.*, 354 S.W.3d at 388; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009).

We conclude that Lerner failed to plead a UDJA claim over which the trial court had jurisdiction; thus, the trial court erred by denying the County's plea to the jurisdiction directed to Lerner's UDJA-based claims arising from alleged CPA violations. We sustain the County's first issue.

### III. CONCLUSION

The CPA's limited waiver of immunity does not extend to Lerner's UDJA-based claims. Based on this conclusion, we need not address the County's alternative argument in its second issue that if sovereign immunity does not bar Lerner's UDJA-based claims, the redundant-remedies doctrine does. *See* Tex. R. App. P. 47.1. We also need not determine whether Lerner's injunctive-relief claim is now moot based on the expiration of the fiscal year 2019 contract after the trial court's denial of a temporary injunction. Not only is the record insufficient for us to make such a determination in light of the mootness exceptions asserted by Lerner, but the County did not seek the dismissal of Lerner's request for a permanent injunction in its plea to the jurisdiction.[6] Accordingly, the injunctive-relief claim is not at issue in this appeal. We reverse that portion of the trial court's September 12, 2019 order denying the County's plea to the jurisdiction and remand to that court for entry of an order granting the plea and for further, consistent proceedings. *See* Tex. R. App. P. 43.2(d), 43.3(a).

---

[6]Again, Lerner did not appeal the denial of his request for a temporary injunction.

8

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  January 9, 2020